The Honorable W.J. "Bill" McCuen Secretary of State State Capitol Little Rock, AR 72201-1094
Dear Mr. McCuen:
This is in response to your request for an opinion on several questions resulting from the recent passage of Act 655 of 1989, which is entitled: "An act to repeal the centralized filing system established in the Secretary of State's Office to provide notice of financing statements for security interests in farm products. . . ." Your specific questions are restated and answered in the order presented.
1. Whether this office should continue to accept filings pursuant to Section 4-9-307(4), (5) (6) and Section4-9-407(3), (5), (6) (7) until the effective date of the Act, July 1, 1989?
The answer to this question is "yes."
Act 655 of 1989 repeals those sections of the Code (A.C.A.4-9-307(4), (5) (6) and 4-9-407(3), (4), (5), (6) (7) providing for a central indexing system for secured parties with security interests in farm products. The emergency clause, contained in Section 4 of the act, states that the act "shall be in full force and effect from and after July 1, 1989." The legislature has therefore clearly expressed its intent for the act to have prospective application, from and after July 1. Since the repeal is, therefore, not effective until July 1, it must be concluded that the filing system is still in place and that filings should continue to be accepted until that time.
2. If we continue to accept all filings on what date should we produce a master list for notification?
Section 4-9-407(3) and (5) must be considered in response to this question. Subsection (3) states that the Secretary of State "shall record the date and time of filing and compile the information into a master list organized according to farm products." Subsection (5) states: "The Secretary of State shall distribute, on a regular basis as determined by the Secretary, to each buyer, commission merchant, and selling agent registered under subsection (4) of this section a copy in written or printed form of those portions of the master list which the buyer, commission merchant, or selling agent has indicated an interest in receiving."
It is apparent that 4-9-407 does not establish a particular time frame for compilation of a master list. This is, presumably, an on-going process. If your question pertains to distribution of the list or portions thereof, it appears that the distribution date is within the discretion of the Secretary of State, but that it must occur on a "regular basis." The Secretary has presumably established some sort of schedule in this regard; and such schedule would, it seems, continue in place. It may reasonably be concluded, however, that the obligation to distribute the master list does not extend past July 1, 1989. Yet it appears that the Secretary could, within his discretion, make a distribution as soon as possible following the last entry.
3. Will notification by the master list be sufficient notice for a secured party to remain secured if the list is produced after the effective date of the Act?
It must be initially noted in response to this question that under the central filing system, a buyer, commission merchant or selling agent who has registered under the system will not be subject to any particular security interest that is show[n] on the master list, but has been placed on the list since the last regular distribution. See 51 Fed. Reg. 29454 (Aug. 18, 1986). This is the case regardless of whether the list is distributed before or after the effective date of Act 655.
Thus, the answer will depend upon when the security interest was placed on the master list, and whether the buyer, commission merchant, or selling agent was registered. Non-registrants are generally subject to security interests recorded in the system whether or not they know about them. 51 Fed. Reg., supra. 4. After July 1, 1989, should this office accept and file amendments, continuances, terminations, etc. on the filings made prior to the effective date of the Act?
It must be concluded that the answer to this question is "no." As reflected in Section 4 of Act 655 of 1989 (emergency clause), the intent of that act is to abolish the centralized filing system. The act makes no provision for filings subsequent to July 1, 1989, the effective date of the act.
5. If the answer to question #4 is yes, we should accept such filings, thereby continuing the centralized notification system indefinitely, is this office responsible for producing additional master lists for notification to persons in the system? If so, how often?
A response to this question is unnecessary in light of the negative response to Question 4.
6. If the answer to question #4 is no, we do not continue to accept such filings, what responsibility does this office have in maintaining the files?
(a) Should this office return the filings to the secured party to enable them to secure by direct notification? If this office returns the files, should a record of the filings be maintained?
(b) Should this office maintain the filings in their July 1, 1989 status? If so, for what period of time?
Act 655 makes no provision for the return of filings to secured parties, nor, in my opinion, can this action be reasonably implied under the act. The answer to Question 6(a) is, therefore, "no."
While the act does abolish the indexing system, it does not appear to operate retroactively so as to void filings made prior to July 1. It is therefore my opinion that these filings remain effective, and that the files must be maintained. A contrary conclusion would, in effect, have to [be] premised upon a retroactive application of Act 655. There is, however, no basis for asserting that the act is retroactive. Thus, the answer to Question 6(b) is "yes."
With regard to the period of time during which the filings should be maintained, it must be noted that Act 655 does not address this matter. Further legislative clarification may, therefore, be indicated. It is my opinion, however, that in the absence of legislative guidance in this regard, the filings should be maintained at least until the security interests have lapsed, been terminated, or released.
7. Whether a secured party under the centralized system remains secure once the system is repealed and this office no longer given notice or whether additional steps, and if so, what steps, should be taken by the secured party to remain secured?
It is my opinion that as a general matter, the secured party whose filing occurred under and in accordance with A.C.A. 4-9-307(4), (5), (6) and 4-9-407(3), (4), (5), (6), (7) prior to July 1, 1989 retains his rights under those provisions as to that filing, following the repeal.
8. Whether the Secretary of State pursuant to 7 U.S.C. § 1631 may continue the Central Notification System and set the necessary fees without an Act of the Arkansas General Assembly specifically providing for the system?
It is my opinion that the answer to this question is "no." Section 1631 of Title 7 of the United States Code Annotated outlines those instances in which a buyer, commission merchant, or selling agent is subject to a security interest, only one of which involves a state's "central filing system." See 7 U.S.C.A. 1631
(e) (2) (3) and (g)(2)(C) (D). Although filing systems which comply with the requirements of 7 U.S.C.A. 1631(c) are certified by the Secretary of the U.S. Department of Agriculture, it appears that this certification only occurs after a state has established the system. Subsection (e) of 1631 outlines those instances in which a buyer of farm products takes subject to a security interest created by a seller. The pertinent portion of this subsection for our purposes is prefaced by the statement: "in the case of a farm product produced in a State that has established a central filing system. . . ." (Emphasis added.) This language does not appear to mandate such a system nor, in my opinion, may it be construed to authorize the Secretary of State's continuation of the system following the repeal contained in Act 655 of 1989.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.